## HOLMES v. LE FORS, *Sheriff*.

No. 2359.    Opinion Filed January 21, 1913.

(129 Pac. 718.)

1. **FALSE IMPRISONMENT—Instruction.** An instruction in an action for false imprisonment that, if the plaintiff was engaged in the retail liquor business at the time of his arrest, he had no such character as could be injured by arrest and imprisonment made by the defendant, as sheriff, if in such arrest and imprisonment the defendant was in good faith endeavoring to enforce the prohibitory law of the state, is error.

2. **SAME—Damages.** If the arrest was unlawful, the jury would have the right to consider plaintiff's occupation in estimating the damages.

3. **ARREST—Misdemeanor—Necessity of Warrant.** An officer can arrest for a misdemeanor only when he has a warrant, or when the misdemeanor is committed in his presence.

4. **CRIMINAL LAW—Warrant—Validity.** A warrant directing an officer to arrest any person he may find engaged in violating the law is void.

5. **ARREST—Warrant—Possession of Intoxicating Liquor.** An officer may arrest without warrant any person he finds in the possession of intoxicating liquor, if the possession is for the purpose of violating any of the provisions of the prohibitory liquor law of the state.

6. **FALSE IMPRISONMENT—Punitive Damages.** An officer making an illegal arrest is not liable for punitive damages, where he made the arrest in good faith, and without malice.

7. **SAME—Measure of Damages—Evidence.** In an action for unlawful arrest, where the defense is that the defendant had possession of intoxicating liquor at the time of his arrest for the purpose of violating the prohibition law of the state, and the question of the good faith of the officer is also involved on the measure of damages, evidence of the circumstances leading up to the arrest is competent.

(Syllabus by Rosser, C..)

*Error from District Court, Comanche County;*

*J. T. Johnson, Judge.*

Action by A. F. Holmes against Rufe Le Fors, Sheriff of Comanche County, Okla. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Stevens & Myers* and *T. B. Orr,* for plaintiff in error.

*Louis Davis, R. J. Ray,* and *S. M. Cunningham,* for defendant in error.

Opinion by ROSSER, C. This was an action by A. F. Holmes against Rufe Le Fors, as sheriff of Comanche county, for damages for false imprisonment. The plaintiff was suspected of selling liquor in a certain building in the town of Chattanooga, in Comanche county, and a search warrant was issued by the county court to search the house. The county attorney and the deputy sheriff, Jackson, who made the arrest, and R. E. Le Fors, a brother of the defendant, went to Chattanooga for the purpose of searching the house. When they arrived at the house, they were informed that the plaintiff, with another party, who was also suspected of selling liquors, had just left the house, and had gone to the O. K. Hotel. Inquiry was made at the O. K. Hotel, and the officers were informed that they were not there. The officers then opened the building which they had first intended to search, and there found a sort of bar with some soft drinks, and also a bottle of whisky. The officers were then informed that just about the time the train came in the plaintiff and the other party with him had taken some whisky out of the building, and the last seen of them they were seen in the O. K. Hotel. The county attorney then wrote out an affidavit for a search warrant for the O. K. Hotel, and also wrote out a warrant, and Le Fors swore to the affidavit for search warrant before John Murphy, justice of the peace. The warrant was then issued and the officers went to the O. K. Hotel and found the plaintiff and the other party there, and found a bottle of whisky in their possession. They then arrested the plaintiff and the party with him.

The court, over the objections and exceptions of plaintiff, instructed the jury as follows:

"If you find from the evidence that at the time the arrest and imprisonment complained of was made the plaintiff was engaged in the retail liquor business, then you are instructed that he had no such character as could be injured or damaged by arrest or imprisonment made by the defendant as such sheriff

in such arrest and imprisonment if he was in good faith endeavoring to enforce the prohibitory law of the state."

This instruction was error.

It would have been proper for the jury to have considered his occupation in estimating damages, had they found that the arrest was unlawfully made, but they could only have considered his occupation for the purpose of estimating the damages. A person, however mean his station in life, and however low his calling, can only be arrested and imprisoned according to law. The law prescribes the circumstances under which an arrest can be made and under which a person may be imprisoned. Unless these circumstances exist an arrest and imprisonment is unlawful, the officer is a trespasser, and the action will lie, though it might be that the character and occupation of the person arrested would make the recovery very small. In misdemeanor cases, the officer can arrest only when he has a warrant, or when the misdemeanor is committed in his presence. For the error in giving this instruction, the judgment must be reversed.

In view of the fact that there must be another trial, it is proper to notice other matters occurring at the trial which are complained of by the plaintiff. Plaintiff urges that the search warrant under which the hotel was searched was void. It is not necessary to decide this question. This action is not brought for an unlawful search, but for an unlawful arrest. The search warrant was not valid as a warrant of arrest, for the reason that it named no one to be arrested. A warrant must name some one. A general warrant to go out and arrest any one whom the officer may find violating the law is void, and adds nothing to his authority. This was the common law (*Commonwealth v. Crotty,* 10 Allen [Mass.] 403, 87 Am. Dec. 669), and is still the law. In order for a warrant of arrest to be valid, the court or magistrate issuing the warrant must have some person in mind to be arrested, and must designate the person in the warrant by name, if known, and, if the name is not known, then in some way to show that some particular individual is meant (Comp. Laws 1909, sec. 6579), and the warrant must positively order the arrest. It is not sufficient for it to direct the officer

to arrest if he finds persons violating the law. This would be to make the officer the judge as to whether or not the arrest should have been made.

Objection is made to several charges of the court and to his refusal to give several offered by the plaintiff. No material error was committed, except as stated. The court properly charged the jury that if the officer found the plaintiff in possession of intoxicating liquors, and if he had possession thereof for the purpose of in any way violating the law, the officer was authorized to make the arrest. This was a correct statement of the law, and, under the evidence in this case, was the only issue that should have been submitted to the jury. If the officer found him in possession of intoxicating liquor, in violation of the law, he had the right to arrest without warrant, and the plaintiff could not recover. .If not, the warrant was unlawful, and the plaintiff should recover.

The court instructed the jury that if the officer made the arrest in good faith, and without malice in attempting to enforce the prohibitory law, the plaintiff could only recover actual damages. This instruction is assigned as error. This instruction seems to be a correct statement of the law, and no cases are cited showing that it is error. Punitive and exemplary damages are ordinarily not recoverable in such cases, in the absence of circumstances showing malice by the person who made the arrest. 19 Cyc. 371.

It is urged that the court erred in admitting in evidence certain testimony of the county attorney. His testimony was not incompetent. He merely related what was done in the effort to find whisky. It was competent for him to state what he had found that led him to take the various steps that were taken. It was incompetent for him to relate the details of what he was informed, but it was proper for him to state all the facts and circumstances leading up to the arrest to throw light upon the purpose for which the plaintiff had the whisky, and to enable the jury to know whether he had it in his possession for the purpose of violating the prohibitory law of the state at the time he was

arrested. It was also competent for the purpose of throwing light on the motives of the officer.

The case should be reversed and remanded.

By the Court: It is so ordered.